UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAKE SHORE RADIATOR, INC.,

    Plaintiff,

vs.                                                    Case No.  3:05-cv-1232-J-12MCR

RADIATOR EXPRESS WAREHOUSE, a
California corporation,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Deposition, Compliance with Subpoena Duces Tecum and Responses to Document Requests (Doc. 65) filed February 2, 2007.  Plaintiff filed a response (Doc. 85) on February 20, 2007. Accordingly, this matter is ripe for review.

## **I. BACKGROUND**

In this action, Plaintiff alleges trademark infringement, false designation of origin and dilution claims under the Lanham Act against Defendant, as well as state law claims for deceptive and unfair trade practices, trademark infringement, dilution of trademark, unfair competition and defamation.  (Doc. 23).  The parties are engaged in discovery and have already argued and settled a number of discovery disputes.  In fact, the crux of this particular Motion stems from Plaintiff's compliance with Judge Howard's Order dated October 26, 2006 (Doc. 50).  In deciding an earlier discovery dispute regarding Plaintiff's trade defamation claims, Judge Howard granted in part (Doc. 50)

Plaintiff's Second Motion to Compel (Doc. 39), in which Plaintiff requested Defendant produce documents relating to Defendant's customer complaints and product returns. Defendant argued these requests were irrelevant to Plaintiff's claims despite the fact Defendant made similar requests from Plaintiff in an effort to substantiate Defendant's truth defense. Plaintiff, on the other hand, argued these discovery requests were necessary to give an accurate comparison of the quantity of complaints with respect to each party's products. After a hearing on this issue, Judge Howard ordered:

> [I]f during the course of discovery it is revealed that the allegedly defamatory information or statements regarding Plaintiff's products or services were made in the context of comparison with Defendant's products or services, Defendant will be required to provide the requested information and documents, by product, establishing the reason for product returns and the overall rate of product returns for January 1, 2002, through the present.

(Doc. 50, p. 5). Thus, in order for Plaintiff to obtain the documents it requested from Defendant, Plaintiff was clearly required to show evidence that Defendant made defamatory statements or provided defamatory information to its customers when comparing Defendant's products with those of Plaintiff's. Id.

On December 15, 2006, Plaintiff's counsel forwarded Defendant transcripts of three interviews of Defendant's former employees conducted by Plaintiff's investigator, John R. Arnold ("Bob Arnold") in an effort to justify its claim that Defendant made defamatory comparisons between Defendant's products and Plaintiff's products. (Doc. 65, p. 2). In the same correspondence, Plaintiff referenced Judge Howard's October 26 Order and requested Defendant produce the information and documents in response to Plaintiff's discovery requests. Id. Evidently, Defendant complied with Plaintiff's demands and produced the requested discovery. Id. at 6.

Not long thereafter, Defendant served Plaintiff with a Notice of Deposition and Subpoena of Bob Arnold.  Id.  In response, Plaintiff notified Defendant that Defendant was limited as to the substance it could inquire into with Bob Arnold.  Id.  Specifically, Plaintiff claimed the work product doctrine and Florida's investigatory privilege precludes Defendant from obtaining information regarding the substance of Bob Arnold's interviews with Defendant's former employees.   (Doc. 65-2).  Additionally, Plaintiff informed Defendant that Bob Arnold is neither an expert witness, nor a fact witness in this case, id; rather, he is an agent hired by Plaintiff to investigate the claims.  Defendant objected to Plaintiff's analysis of the privileges and argued that to the extent either privilege applied, Plaintiff waived it upon disclosing the transcripts of Defendant's former employee's interviews.  (Doc. 65, p. 2).

Despite several arguments relating to the substance and timing of Bob Arnold's deposition, Defendant deposed Bob Arnold on January 15, 2007.  Throughout the deposition, Defendant sought information from Bob Arnold relating to the transcripts of Bob Arnold's conversations with Defendant's former employees; however, Plaintiff's counsel objected to numerous questions posed by Defendant's counsel, citing the investigative privilege and work product doctrine.  Id. at 3.

Subsequent to Bob Arnold's deposition, Defendant's counsel served Plaintiff with a subpoena duces tecum seeking documents relating to Bob Arnold's contacts with potential witnesses in this matter.  Id.  Additionally, Defendant served Plaintiff with its Fourth Set of Requests for Production of Documents which also seeks documents relating to Bob Arnold's contacts with potential witnesses in this matter.  Id.  Defendant contends "upon information and belief," Plaintiff's counsel intends to further instruct Bob

Arnold to refuse to comply with the subpoena and the Fourth Set of Requests for Production of Documents.  Id. at 3-4.   Defendant filed this Motion seeking an Order from this Court compelling Bob Arnold to answer specific deposition questions relating to his investigations, and to order Plaintiff to produce documents also relating to Bob Arnold's investigations.

## II.  ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Defendant makes identical arguments with respect to Plaintiff's assertion of both the investigative privilege and the work product doctrine. First, Defendant claims Plaintiff has waived any potentially-applicable privilege relative to the work product doctrine and the investigative privilege as a result of placing Bob

Arnold's investigative file at issue in this lawsuit. Id. at 5. Moreover, as a result of this waiver, Defendant claims it has a right to discover all telephone conversations between Bob Arnold and Defendant's current or former employees, as well as any additional documents within Bob Arnold's investigative file and correspondence between Bob Arnold and Plaintiff and between Bob Arnold and Plaintiff's counsel. Id. at 6.

Next, Defendant claims that neither the work product doctrine nor the investigative privilege applies to Bob Arnold's documents and correspondence. Id. at 6-8. Defendant contends the work product doctrine only protects documents or tangible things prepared in anticipation of litigation by a party's representative and thus, does not apply to telephone conversations by a third party (Bob Arnold) with potential witnesses or correspondence between Bob Arnold and Plaintiff's employees. Id. at 7. Moreover, Defendant contends the investigative privilege contains no immunity from deposition testimony regarding conversations of private investigators. Id. at 8.[1]

**A.      Defendant's Requests for Production and the Subpoena Duces Tecum**

As an initial matter, Plaintiff argues Defendant's motion is premature, as it relates to Defendant's requests for production and subpoena duces tecum, for two reasons. First, Plaintiff argues at the time Defendant filed the motion, Plaintiff's responses to

---

[1] Defendant also suggests that Plaintiff's investigators have questioned Defendant's former employees regarding matters irrelevant to this case. (Doc. 65, p. 9). In particular, Defendant questions whether Plaintiff was trying to improperly gain access to Defendant's employees' email addresses and passwords, or other confidential information and argues, this Court should compel Plaintiff to disclose whether or not Bob Arnold was seeking such confidential information. Id. at 9-10. In response to such accusations, Plaintiff assures Defendant and this Court it is not seeking to improperly acquire confidential or proprietary information. (Doc. 85, p. 3, n.1). In light of Plaintiff's certification, the undersigned is satisfied that Plaintiff is not improperly attempting to acquire Defendant's confidential or proprietary information.

Defendant's requests for production were not yet due. (Doc. 85, p. 4). Next, Plaintiff argues Defendant's arguments relating to the subpoena are also premature and procedurally flawed. Id. at 4. Specifically, Plaintiff argues Defendant failed to serve Plaintiff's counsel with a copy of the subpoena as required by Fed. R. Civ. P. 45(b)(1) and thus, the subpoena is procedurally flawed. Id. Additionally, Plaintiff argues that this Motion, as it relates to the subpoena, is also premature because again Defendant presupposes, without verification, whether Plaintiff or Bob Arnold would object to the subpoena. Id.

The Court has considered the parties' arguments and agrees with Plaintiff. Defendant's Motion, as it relates to Defendant's Fourth Set of Requests for Production and the subpoena duces tecum, is premature. Indeed, Defendant does not claim Plaintiff responded and/or objected to the requests for production; nor does Defendant claim Bob Arnold responded and/or objected to the subpoena duces tecum. Rather, Defendant states "[o]n information and belief, Plaintiff's counsel intends to further instruct" Plaintiff to refuse to produce documents responsive to these requests and further intends to instruct Bob Arnold to refuse to comply with the subpoena duces tecum, based on the investigative privilege and work product grounds. (Doc. 65, pp. 4-5). Additionally, Defendant has not provided this Court with any evidence that Defendant served Plaintiff when it issued the subpoena duces tecum. As such, the Court will deny Plaintiff's Motion as it relates to both the requests for production and the subpoena. Nevertheless, the issues addressed by this Court in the next section should provide the parties with guidelines as to the substance of the matters about which Defendant may properly discover or inquire.

**B.     The Deposition of Bob Arnold**

As stated above, Defendant argues Plaintiff waived both the work product doctrine and the investigative privilege when it produced transcripts of the telephone conversations between Bob Arnold and Defendant's former employees. (Doc. 65, pp. 7-8). Further, Defendant argues the work product doctrine does not serve as a bar to Bob Arnold's documents and correspondence with these employees. Id. at 7. Finally, Defendant argues the investigative privilege does not provide immunity from disclosing deposition testimony of a private investigator. Id. at 8.

   **1.    The Work Product Doctrine**

As an initial matter, the Court must first determine if the materials sought by Defendant may be considered work product. Claims of work product immunity are governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states in pertinent part:

> [A] party may obtain discovery of documents and tangible
> things otherwise discoverable ... and prepared in anticipation
> of litigation or for trial by or for another party or by or for that
> other party's representative (including the other party's
> attorney, consultant, surety, indemnitor, insurer, or agent)
> only upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of the
> party's case and that the party is unable without undue
> hardship to obtain the substantial equivalent of the materials
> by other means. In ordering discovery of such materials
> when the required showing has been made, the court shall
> protect against disclosure of the mental impressions,
> conclusions, opinions, or legal theories of an attorney or
> other representative of a party concerning the litigation.

There are two types of work product created by Rule 26(b)(3): (1) fact work product which consists of documents and tangible things prepared in anticipation of

litigation, and (2) opinion work product which consists of mental impressions, conclusions, opinions or legal theories of an attorney.  See United States of America v. Pepper's Stell & Alloys, Inc., 132 F.R.D. 695, 697-97 (S.D. Fla. 1990).  A party seeking to obtain fact work product may only do so upon a showing of "substantial need" and "undue hardship" in obtaining the materials or their substantial equivalent by other means.  Id.  Opinion work product is absolutely immune from discovery.  Id.

"'The burden of establishing that a document is work product is on the party who asserts the claim.'"  Freiermuth v. PPG Industries, Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003) (quoting, Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985)).  Here, Plaintiff claims the work product doctrine protects both the documents requested by Plaintiff as well as the deposition questions Plaintiff seeks to have answered.  (Doc. 85, p. 6).  Plaintiff states Bob Arnold, its investigator, acted as its agent for the purpose of investigating certain facts related to this litigation, and if disclosed, the information sought by Defendant regarding the questions asked by Bob Arnold would reveal the information Plaintiff and its counsel deem important in this litigation, i.e., it would give Defendant access to the opinion and legal strategy of Plaintiff's attorneys as well as Plaintiff's factual work product.  Id. at 5-6.  Notably, Plaintiff agrees it has waived the work product privilege with respect to the facts in the interview transcripts it has already disclosed.  (Doc. 85, pp. 8-9).

Plaintiff is correct that the work product doctrine is not limited only to information or documents gathered or prepared by attorneys.  Rule 26(b)(3) of the Federal Rules of Civil Procedure clearly states that the work product doctrine also applies to work prepared for or by a party's representative.  Because Bob Arnold was hired by Plaintiff

to investigate certain aspects of this litigation, Bob Arnold is acting as Plaintiff's representative or agent. Moreover, the information and documents Defendant seeks from Plaintiff were prepared or gathered by Plaintiff's agent, after instructions from Plaintiff's counsel, in anticipation of litigation. Thus, documents prepared for or by Bob Arnold for the purpose of this litigation are protected work product, so long as they were not waived by Plaintiff. See In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management), 357 F.3d 900 (9th Cir. 2004) (holding documents prepared by a party's investigator to prepare for anticipated litigation were work product).

     Defendant, however, argues that the work product doctrine does not extend to oral communications between Bob Arnold and potential witnesses. (Doc. 65, p. 7). Contrary to Defendant's contentions, courts have held that "work product consists of the tangible and **intangible** material which reflects an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, [and] determination of the relevant facts . . . ." In re Grand Jury Subpoena Dated November 8, 1979, 622 F.2d 933, 935 (6th Cir. 1980) (emphasis added). Moreover, in the seminal case of Hickman v. Taylor, 329 U.S. 495, 512-13, 67 S. Ct. 385, 394 (1947), the Supreme Court opined that oral statements made by witnesses to an attorney are not subject to discovery because this type of discovery would give rise to inaccuracy and untrustworthiness, and no legitimate purpose would be served by such production. In light of Rule 26(b)(3)'s inclusion of a party's representative, the principle set forth in Hickman and In re Grand Jury no doubt applies to communications with or investigations made by a party's representative. Therefore, the work product doctrine extends further than to just tangible things and documents; however, it does not protect

the underlying facts an adverse party has learned, or the persons from whom that party has learned such facts, or the existence or nonexistence of documents. Phoenix Nat'l Corp., Inc. v. Bowater United Kingdom Paper Ltd., 98 F.R.D. 669, 671 (N.D. GA. 1983). As intimated by the court in Bowater, it is often difficult to draw a line between discovery seeking to obtain the underlying facts and discovery which seeks to discover the theory of a case or which invades the trial preparation process. Id. Discovery seeking the specific questions asked by a party's agent during an investigation fall within the opinion work product doctrine and are thus, absolutely immune from discovery. Id.

The Court has considered Attachment A[2] to Defendant's Motion and finds the majority of these questions seek information beyond the underlying facts. The only questions posed by Defendant, that Bob Arnold refused to answer, which are not protected by the work product doctrine are the two questions relating to whether Bob Arnold has had any telephone conversations with current or former employees (Doc. 65, p. 12), and the questions asking whether any current or former employee has ever represented specific information to Bob Arnold (Doc. 65, p. 14-16) (the questions beginning with "[h]ave any current or former employees of Radiator Express Warehouse ever represented to you that they. . ." are the questions to which the undersigned is referring).

The remaining questions, as set forth in Attachment A, fall within the definition of work product. Notably, Defendant's discovery requests seek both opinion and fact work

---

[2] Although the Court finds Defendant's Motion with respect to the subpoena and the document requests is due to be denied, it has considered Attachment B to the Motion and notes Defendant seeks to discovery essentially Bob Arnold's entire investigation file. This Court has already noted above that this file is protected under the work product doctrine.

product and with regard to the fact work product, Defendant has failed to show it has "substantial need" for the documents or is unable to obtain the substantial equivalent without "undue hardship." Indeed, as Plaintiff points out, Defendant is free to hire its own investigator or interview/depose these same potential witnesses at its own cost. Defendant does, however, have a right, as ordered by Judge Howard in her October 26 Order (Doc. 50), to a list containing the names of Defendant's current or former employees that Plaintiff has contacted and any current contact information for these individuals if different from that previously provided by Defendant. (Doc. 50, p. 3). Plaintiff shall provide this information at the end of each two week period, as required by Judge Howard. Id.

Although this Court has found that the majority of the discovery which Defendant seeks is work product, the next issue to be determined is whether Plaintiff waived the work product doctrine when it produced transcripts of telephone conversations between Bob Arnold and three of Defendant's former employees. Plaintiff produced these transcripts for the sole purpose of complying with Judge Howard's order so that it could obtain additional discovery from Defendant. While Plaintiff's production resulted in waiver of the work product doctrine as to the transcripts already produced, it does not result in waiver of the remainder of Bob Arnold's files or investigation. See In Pittman v. Frazer, 129 F.3d 983, 987-88 (8th Cir. 1997) (finding that disclosure to an adversary waives work product protection only for the items actually disclosed). Consequently, Defendant's argument with respect to waiver of the work product doctrine lacks merit.

While the Court finds Defendant is entitled to have several of its specific questions, referred to above, answered, the Court encourages Defendant to consider

obtaining this information through the use of interrogatories, as opposed to re-deposing Bob Arnold.  The permitted discovery which Defendant seeks could just as easily be obtained through interrogatories to Plaintiff without imposing the additional costs and time required by a second deposition.

### 2. The Investigative Privilege

Plaintiff also asserts the investigative privilege, codified in Fla. Stat. §493.6119(1), provides strict protection of Bob Arnold's communications and investigative files.  (Doc. 85, p. 9).  The statute prohibits a licensed investigator from disclosing the contents of his/her investigative file to anyone other than his/her client or employer.  Fla. Stat. §493.6119(1).  Defendant again argues that Plaintiff either voluntarily waived the investigative privilege or the information sought by Defendant is not covered by the investigative privilege.  (Doc. 58, pp. 7-8).  Neither party cites any case law evaluating Florida's investigatory privilege and in fact, upon its own research, the Court was also unable to locate any cases interpreting this statute.  Nevertheless, the Court has already determined that the information sought by Defendant is protected by the work product doctrine, with the exception of the specific questions mentioned above.  As such, the Court will refrain from deciding the investigative privilege issue.

Accordingly, it is

**ORDERED**:

Defendant's Motion to Compel Deposition, Compliance with Subpoena Duces Tecum and Responses to Document Requests (Doc. 65) is **GRANTED in part and DENIED in part** in accordance with this Order**.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th   day of March, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record